UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TONY SOLOMON,

    Petitioner,

v.                                              Case No. 5:10-cv-403-Oc-30TBS

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER OF DISMISSAL

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a Response to the Petition seeking dismissal of the action with prejudice pursuant to the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244. (Doc. 8). Petitioner has not filed a reply, despite given an opportunity to do so. The Petition, the Response to the Petition and the record submitted with the Response, and the other pleadings demonstrate that an evidentiary hearing is not warranted and the Court may resolve the Petition on the basis of the record. *See* Habeas Rule 8(a).

### Convictions and Sentences

This action stems from Petitioner's conviction possession of cocaine with intent to sell or delivery within 1000 feet of a place of worship; and sale of cocaine within 1000 feet of a place of worship.[1] Petitioner appealed, and on December 26, 2007, Petitioner's conviction

---

[1] Doc. 10, App. A.

and sentence were *per curiam* affirmed. *See Solomon v. State*, 970 So. 2d 847 (Fla. 5th DCA 2007). Mandate issued on January 14, 2008.[2]

Petitioner executed a Rule 3.850 motion on April 3, 2009, which was dismissed without prejudice on April 20, 2009.[3] Petitioner filed another Rule 3.850 motion on August 27, 2009, which was summarily denied on September 11, 2009.[4] On January 12, 2010, Florida's Fifth District Court of Appeal per curiam affirmed the denial.[5] *See Solomon v. State*, 27 So. 3d 43 (Fla. 5th DCA 2010). Petitioner's motion for rehearing was denied and mandate issued on March 1, 2010.[6] On August 12, 2010, Petitioner executed the instant Petition for Writ of Habeas Corpus. (Doc. 1).

## Timeliness of Petition

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. This law amended 28 U.S.C. § 2244 by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[7] Therefore, absent any state court post-conviction proceeding that would have tolled the federal limitation period,[8] a petitioner who's conviction and sentence became final after the effective date of AEPDA has

---

[2] Doc. 10, App. P.

[3] Doc. 10, App. Q.

[4] Doc. 10, App. U, V.

[5] Doc. 10, App. Z.

[6] Doc. 10, App. BB.

[7] 28 U.S.C. §2244(d)(1); AEDPA, Title I, Habeas Corpus Reform, Section 101, Filing Deadlines.

[8] 28 U.S.C. § 2244(d)(2).

one-year from the date the conviction and sentence became final to file a federal habeas petition.

Adding the additional ninety days for filing a petition for writ of certiorari, Petitioner's conviction became final on March 26, 2008.[9] Accordingly, Petitioner had until March 26, 2009, to file his federal habeas petition, absent collateral state court activity. Petitioner did not file any state court motions until April 3, 2009, at which time the federal limitation period had already expired. Therefore, the instant Petition, executed on August 12, 2010, is clearly untimely. Petitioner has not made any argument that he is entitled to equitable tolling.

## Conclusion

Accordingly, the petition is due to be dismissed as time-barred. The Clerk is directed to dismiss the Petition with prejudice, terminate any pending motions, and close the file. Further, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. 2253(c)(2). The Court also declines to allow Petitioner to proceed on appeal *in forma pauperis* because any such appeal would not be taken in good faith.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[9] *See Clay v. United States*, 537 U.S. 522 (2003); *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002); *Jackson v. Secretary for the Dept. Of Corr.*, 292 F.3d 1347, 1348-49 (11th Cir. 2002).